IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

KENNY F. EDMONSON,                                 PLAINTIFF

V.                                                                                                        NO. 3:08CV149-LTS

TOM S. LEE, et al.,                                     DEFENDANTS

## MEMORANDUM OPINION

This matter is before the court, *sua sponte*, for consideration of dismissal. Plaintiff, an inmate currently in the custody of the Mississippi Department of Corrections filed this matter pursuant to 42 U.S.C. § 1983.

In his complaint, Plaintiff has named as Defendants every federal judge in the Southern District of Mississippi with the exception of the undersigned. As a basis for relief, Plaintiff states the Defendants have conspired to deprive him of his "civil rights." Specifically, Plaintiff complains that the Defendants have denied him access to the courts by dismissing his Section 1983 complaints. Plaintiff is seeking an injunction that would prohibit all of the Defendants from "ever presiding over or having any participation in any and all present and future cases, civil or criminal."

*Analysis*

Title 28 of the United States Code Section 1915(e)(2)(b) requires the court to *sua sponte* dismiss complaints filed by a plaintiff who is proceeding *in forma pauperis* upon a determination that the complaint is frivolous. The section provides that courts "shall dismiss the case at any time if the court determines that . . . the action or appeal is frivolous or malicious." Accordingly, the court has a statutory obligation to screen *in forma pauperis* complaints for merit as soon as practical. 28 U.S.C. § 1915A. A claim is frivolous when it lacks an arguable basis either in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 327, 109 S.Ct. 1827, 1832, 104 L.Ed.2d 338 (1989).

Essentially, Plaintiff is seeking a permanent standing order of recusal for the Defendants. Title 28 U.S.C.§ 455 governs recusal of federal district judges. Section 455(a) requires that a judge "shall recuse himself in any proceeding in which his impartiality might reasonably be questioned." Section 455(b)(1) further provides that the judge "shall also disqualify himself . . . [w]here he has a personal bias or prejudice concerning a party . . . ." *See In re Chevron U.S.A., Inc.*, 121 F.3d 163, 165 n.3 (5th Cir. 1997). Recusal can be based on extrajudicial factors, such as family relationships or intrajudicial factors such as those events occurring in the court of proceedings. *Liteky v. United States*, 510 U.S. 540, 555, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994). Intrajudicial factors "do not constitute a basis for a bias . . . motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Id.* at 555. A judge's adverse ruling, even when later reversed or vacated on appeal, does not by itself constitute grounds for recusal. *Garcia v. Woman's Hosp. of Tx.*, 143 F.3d 227, 229-30 (5th Cir. 1998); *see, also Stringer v. Astrue*, 252 Fed. Appx. 645, 2007 WL 3151804 at *2 (5th Cir. Oct. 26, 2007). Stated differently, "[a]dverse judicial rulings will support a claim of bias only if they reveal an opinion based on an extrajudicial source or if they demonstrate such a high degree of antagonism as to make fair judgment impossible." *United States v. Scroggins*, 485 F.3d 824, 830 (5th Cir. 2007).

Plaintiff's complaint casts no aspersions as to extrajudicial bias. Plaintiff does not offer any proof of improper opinions or comments by the judicial Defendants or the existence of any antagonistic exchange. Rather, he avers only intrajudicial bias based solely on the dismissal of his "1983 complaints." By amendment, Plaintiff references the dismissal of only one such complaint in *Edmonson v. Howard*, 3:07CV158-TSC-JCS. A check of the docket for that case indicates that Plaintiff was afforded a hearing on March 26, 2008, to clarify his complaint which has not been dismissed but, in fact, remains active.[1] Since the Defendants are not required to recuse themselves

---

[1] Obviously dissatisfied with the March 26th hearing, Plaintiff filed an amended complaint in this case referring to case number 3:07CV158.

2

based on previous adverse rulings, the instant complaint has no basis in law. Furthermore, since Plaintiff's averments are contradicted by indisputable proof, the complaint also has no basis in fact.

Plaintiff further complains that Magistrate Judge James C. Sumner should have recused himself from cause number 3:07CV158 after receiving notice that he has been named a defendant in this matter. If the court were to agree with Plaintiff's theory, when facing an adverse ruling, a litigant could subvert all procedural rules and statutory laws forcing the recusal of a judge simply by filing a subsequent separate civil action. To say this is an absurd contention with undesirable consequences, would be an understatement.[2] Indeed, the Fifth Circuit Court of Appeals has recognized, albeit in an unpublished opinion, that Section 455 "is not intended to give litigants veto power over sitting judges, or a vehicle to obtain a judge of their choice. *F.T.C. v. Namer*, No. 06-30528, 2007 WL 2974059 at *6 (5th Cir. Oct. 12, 2007) (citations omitted). By granting the relief Plaintiff seeks, the court would endorse an opposite result allowing Plaintiff to select a judge for all seasons.[3]

Finally, judges enjoy absolute immunity from suit where the acts complained of are judicial in nature. *Stump v. Sparkman*, 435 U.S. 349, 356, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978). A judge is not deprived of immunity because his actions were in error, acted maliciously or in excess of his authority. *Id.* at 356. Rather, he will be subject to liability only when he has acted in the "clear

---

[2] Particularly with a litigant such as Mr. Edmonson whose litigious reputation precedes him. In a previous case, Plaintiff received a strike pursuant to 28 U.S.C. § 1915 for frivolous claims. *See Edmonson v. Ishee*, 2:07CV46. Furthermore, if Plaintiff is the same Kenny F. Edmonson formally of 221 N. Timber Street, Brandon, Mississippi, and formally of 5178 Highway 11 N., Ellisville, Mississippi, then he has filed eleven other Section 1983 cases in this court since 1991. And, though the disposition of four are currently pending, none of the closed cases have been resolved in his favor. Additionally, Kenny Edmonson has filed as many as five habeas petitions in this court.

[3] It is worth noting that Plaintiff currently has four other active Section 1983 cases pending in this court. *See Edmonson v. Barbour*, No.3:06CV693 (interlocutory appeal denied, Plaintiff afforded an Omnibus Hearing); *Edmonson v. Howard*, No. 3:07CV158 (Plaintiff afforded an Omnibus Hearing); *Edmonson v. Powers*, No. 3:07CV180; *Edmonson v. Wilson Auto Inc.*, 3:08CV66. Contrary to the allegations, not one of these cases has been arbitrarily dismissed. Plaintiff also filed a habeas matter that was dismissed without prejudice and is currently on appeal. *See Edmonson v. McMillian*, 3:07CV306.

absence of all jurisdiction." *Id.* 356-57. It has long been settled that judicial defendants are absolutely immune from suit for monetary damages. *Id.* Such is the case here. These judicial Defendants are clearly immune from any claim for monetary damages arising out of the purported dismissal of Plaintiff's complaints. *See Adams v. McIlhany*, 764 F.2d 294, 297 (5th Cir. 1985) (enumerating factors used to determine whether actions were "judicial" in nature).

Whether judges are protected by immunity from litigants seeking equitable relief requires a bit more discussion. In *Pulliam v. Allen*, 466 U.S. 522, 541-42, 104 S.Ct. 1970, 80 L.Ed.2d (1984), the Supreme Court held that state judges, acting in their official capacity, are not immune from claims for prospective relief brought under 42 U.S.C. § 1983. Neither the Supreme Court nor the Fifth Circuit Court of Appeals, however, have discussed whether federal judges enjoy immunity from equitable or injunctive relief in the context of a *Bivens* claim.[4] *Collie v. Kendall*, No. 3:98CV1678G, 1999 WL 329737 at *5 (N.D. Tex. May 19, 1999) (noting the absence of guidance), *appeal dismissed as frivolous,* 220 F.3d 585, 2000 WL 959573 at *2 (5th Cir. Jun. 9, 2000), *cert. denied,* 531 U.S. 1077, 121 S.Ct. 755, 148 L.Ed.2d 673 (Jan. 8, 2001). Notwithstanding the absence of binding precedence, several other federal courts have held that federal judges are immune from suits seeking equitable relief. *See Mullis v. United States Bankr. Ct. for Dist. of Nev.* 825 F.2d 1385, 1391-94 (9th Cir. 1987); *Bolin v. Story*, 225 F.3d 1234, 1242 (11th Cir. 2000); *Page v. Grady*, 788 F. Supp. 1207, 1208-13 (N.D. Ga. 1992); *Wightman v. Jones*, 809 F. Supp. 474, 476-79 (N.D. Tex. 1992); *Stephens v. Herring*, 827 F. Supp. 359, 361-65 (E.D. Va. 1993).

In *Collie*, the plaintiff, an attorney, was sanctioned by the federal judicial defendants and barred from practicing in the Northern District of Texas. 1999 WL 329737 at *1. After the Fifth

---

4  Unlike *Pulliam*, the present action involves a claim asserted against federal judges acting under color of federal law and is therefore properly brought, if at all, under *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), not Section 1983. Nevertheless, the Supreme Court has generally observed that Section 1983 and *Bivens* actions are the same for purposes of immunity. *See e.g. Antoine v. Byers & Anderson, Inc.*, 508 U.S. 429, n.5, 113 S.Ct. 2167, 2170 n.5, 124 L.Ed.2d 391 (1993) (immunity of court reporters); *Butz v. Economou*, 437 U.S. 478, 503-04, 98 S.Ct. 2894, 2909-10, 57 L.Ed.2d 895 (1989) (immunity of federal executive officers).

4

Circuit reversed the disbarment on due process grounds, Collie sued the federal judges seeking monetary, injunctive and equitable relief. *Id.* at *2. Similar to the case *sub judice*, Collie specifically sought an injunction that would prohibit the judicial defendants from being assigned to any of her cases. *Id.* at n.4. After reviewing the origins of judicial immunity, the district court distinguished *Pulliam* and concluded that "judicial immunity bars *Bivens* claims seeking declaratory, injunctive, or equitable relief." *Id.* at *5 (citations omitted).[5] On appeal, discussing the claim for injunctive relief, the Fifth Circuit stated,

> we note that we have not yet determined whether federal judges who are named as defendants in a *Bivens* action enjoy absolute immunity against claims seeking injunctive relief. However, we need not decide this issue here. In this case, *the injunctive relief that Collie seeks is frivolous* and, in some respects, ridiculous.

2000 WL 959573 at *2 (emphasis added). Other Fifth Circuit sister courts have consistently applied this rule. *See Mcsmith v. Engelhardt*, No. 06-5363, 2006 WL 3478162 at **1-4 (E.D. La. Nov. 28, 2006) (federal judge is absolutely immune from claims for equitable and injunctive relief); *Edwards, v. Fifth Cir. Ct. of App.*, No. 3:02-CV-0976-D, 2003 WL 21500434 at *3 (N.D. Tex. Apr. 23, 2003) (same).

This court finds the cases cited *supra* persuasive. Given the absence of any jurisdictional challenge, the court, therefore, finds that the judicial Defendants are absolutely immune from suit for monetary damages as well as equitable relief. For all the forgoing reasons, the court also finds that Plaintiff's complaint has no arguable basis in law or fact and is, thus, frivolous. Plaintiff's complaint should be dismissed with prejudice.

The dismissal of Plaintiff's frivolous complaint shall count as a "strike" under 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996). Mr. Edmonson is cautioned that once he accumulates three strikes, he may not proceed *in forma pauperis* in any civil

---

[5] For a concise discussion of the rationale behind this rule *see* 46 Am. Jur. 2d *Judges* § 66.

action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g).

A separate order in accordance with this opinion will be entered.

THIS the 11th day of April, 2008.

>   s/ L. T. Senter, Jr.
>   L. T. SENTER, JR.
>   SENIOR JUDGE